IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY WOODARD,<br><br>        Plaintiff,<br><br>    v.<br><br>ALLEGHENY COUNTY JUDGE JOHN MCVAY, ALLEGHENY COUNTY BOARD OF ELECTION,<br><br>        Defendants. | 2:23-CV-00652-CCW |

**OPINION AND ORDER**

Before the Court is pro se Plaintiff Jeffrey Woodard's Motion for Emergency Injunction, ECF No. 5, which Defendants John McVay and the Allegheny County Board of Elections oppose. For the reasons that follow, the Court will DENY Mr. Woodard's Motion.

**I.     Background**

This case concerns Pennsylvania's upcoming May 16, 2023 municipal primary elections. In his complaint, Mr. Woodard alleges that he is a candidate for the office of Magisterial District Judge, District 05-2-10. ECF No. 5 ¶ 5. According to Mr. Woodard, on or about March 14, 2023, Iren Evans, who is also a candidate for that office, filed a state-court objection to Mr. Woodard's candidacy, arguing that Mr. Woodard did not meet the applicable residency requirements. *Id.* The matter came before the Allegheny County Court of Common Pleas, where Judge McVay held a series of evidentiary hearings regarding Mr. Woodard's residency. *See generally* ECF Nos. 17-13, 17-14. Several witnesses testified at the hearings, including State Constable William Jackson, Mr. Evans, and Mr. Woodard's landlord, though not Mr. Woodard himself. *See generally* ECF Nos. 17-13, 17-14.

On March 29, 2023, Judge McVay sustained Mr. Evan's objection and issued an order removing Mr. Woodard from the ballot. ECF No. 19-4 at 21–23. Mr. Woodard appealed this decision to Pennsylvania's Commonwealth Court, which affirmed on April 11, 2023. ECF No. 19-2 at 4. The Pennsylvania Supreme Court denied Mr. Woodard's request for leave to appeal on May 2, 2023. *See id.*; ECF No. 19-3. While his appeal was pending, Mr. Woodard filed a motion for reconsideration and emergency injunction in the Court of Common Pleas, which Judge McVay denied on April 21, 2023, after concluding that he lacked jurisdiction because of Mr. Woodard's pending appeal. ECF No. 17-1 at 8–9; *see* Emergency Injunction for Relief and Motion for Reconsideration to Dismiss Petition to Set Aside Nomination Petitions, *In re Nomination Petitions of Jeffrey Woodard*, No. GD-23-003476 (Pa. Com. Pls.), Dkt. No. 18.

Mr. Woodard brought suit in this Court on April 20, 2023, initially naming Mr. Evans as the sole defendant. Mr. Woodard alleged a violation of his federal due process rights and sought injunctive relief—an order having his name placed back on the ballot or, alternatively, a new hearing before Judge McVay. ECF No. 5 ¶¶ 4, 9. According to Mr. Woodard, the underlying state court orders violate his due process rights because they are based on the perjured testimony of Constable Jackson. *Id.* ¶ 9. On April 26, 2023, this Court granted Mr. Woodard leave to proceed *in forma pauperis* but dismissed his complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because he failed to allege that his fellow candidate Mr. Evans had the authority to carry out the requested injunctive relief. ECF No. 3 at 2–4. Mr. Woodard filed his Amended Complaint on May 1, 2023, dropping Mr. Evans as a defendant and naming instead Judge McVay and the Board of Elections. *See generally* ECF No. 5.

Because Mr. Woodard's Amended Complaint is styled in part as a motion and requests emergency relief, it was also docketed as a "Motion for Emergency Injunction." *Id.* On May 2,

2

2023, the Court issued an order denying that Motion to the extent that Mr. Woodard requested ex parte injunctive relief under Federal Rule of Civil Procedure 65(b). ECF No. 9. However, the Court elected to treat the Motion as one for a preliminary injunction under Rule 65(a) and ordered Mr. Woodard to file a brief in support of his Motion on or before May 5, 2023 at noon. *Id.* The Court also scheduled a status conference on the Motion for May 4, 2023. *Id.* All parties appeared at the status conference and the Court set a deadline of May 8, 2023 for Defendants to respond to Mr. Woodard's Motion. *Id.* The parties have now submitted their briefs and materials in support, such that the Motion is ripe for adjudication. ECF Nos. 16, 17, 18, 19, 20, 21.

## II.     Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008); *see also Greater Phila. Chamber of Com. v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020) (courts should grant preliminary injunctions only in "limited circumstances"); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989). Four factors inform a court's decision as to the issuance of a preliminary injunction:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) that the public interest weighs in favor of granting the injunction.
>
> Generally, the moving party must establish the first two factors and only if these "gateway factors" are established does the district court consider the remaining two factors. The court then determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.

*Greater Phila. Chamber of Com.*, 949 F.3d at 133 (cleaned up); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017); *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x. 727, 732 (3d Cir. 2009).

To establish a likelihood of success on the merits, the movant must "demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not)." *Reilly*, 858 F.3d at 179. That is, "the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." *Sutton v. Cerullo*, No. 3:CV-10-1899, 2014 WL 3900235, at * 5 (M.D. Pa. Aug. 8, 2014) (citing *Punnett v. Carter*, 621 F.2d 578, 582–83 (3d Cir. 1980)). A preliminary injunction hearing is unnecessary where "the movant is proceeding on a legal theory which cannot be sustained" or has failed to present "a colorable factual basis to support the claim on the merits." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3d Cir. 1990).

### III. Discussion

Mr. Woodard seeks a preliminary injunction placing his name back on the ballot for the position of Magisterial District Judge, District 05-2-10, or ordering Judge McVay to hold a new hearing on the objection to his residency petition. The Board of Elections argues that Mr. Woodard is unlikely to succeed on the merits of his due process claim and that this Court lacks jurisdiction over his suit under the *Rooker-Feldman* doctrine. Judge McVay likewise relies on *Rooker-Feldman* and adds that he is immune from suit. Although the Court concludes that *Rooker-Feldman* is inapplicable, it agrees with Defendants that Mr. Woodard is unlikely to succeed on the merits against either Defendant because his due process claim is flawed. In addition, Mr. Woodard is unlikely to succeed on the merits against Judge McVay for the additional reason that he is likely immune from suit. Because Mr. Woodard "is proceeding on a legal theory that cannot be sustained," the Court will deny his Motion without a hearing. *Bradley*, 910 F.2d at 1176.

### A.     *Rooker-Feldman* Is Inapplicable

The Court will dispose with Defendants' *Rooker-Feldman* argument without significant discussion. The Supreme Court first enunciated the *Rooker-Feldman* doctrine in two eponymous decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over cases that are "essentially appeals from state-court judgments." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384 (3d Cir. 2021) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). The doctrine is inapplicable, however, when an appeal from the underlying state court judgment is pending in the state's appellate courts. *Taggart v. Saltz*, 855 F. App'x 812, 814 (3d Cir. 2021). Here, Mr. Woodard filed his complaint on April 20, 2023, and his Amended Complaint on May 1, 2023, but the Pennsylvania Supreme Court did not deny his petition for allowance of appeal until May 2, 2023. *See* ECF Nos. 19-2, 19-3. Thus, *Rooker-Feldman* is not a bar to this Court's jurisdiction and, by extension, Mr. Woodard's claim.

### B.     **Mr. Woodard Is Unlikely to Succeed on the Merits of His Due Process Claim**

The essence of Mr. Woodard's claim is that his due process rights were violated when Judge McVay issued an order striking Mr. Woodard from the ballot based on the allegedly perjured testimony of Constable Jackson. The substance of Constable Jackson's testimony is ultimately immaterial to this Court's decision, but it generally concerned his efforts to serve Mr. Woodard in Pittsburgh's Oakland neighborhood and at Mr. Woodard's Wilkinsburg address. Mr. Woodard also suggests that his due process rights were violated when Judge McVay failed to issue his decision on Mr. Evans' objection within "fifteen (15) days after the last day for filing . . . nomination petitions or papers" as required by 25 P.S. § 2937. ECF No. 5 ¶¶ 7, 9. The Court

agrees with the Board of Elections' argument that Mr. Woodard's claim cannot succeed, whether grounded in procedural or substantive due process.

Beginning with substantive due process, "[a] substantive due process claim [has] two elements: (1) the particular interest at issue is protected by the substantive due process clause and (2) the government's deprivation of that protected interest shocks the conscience." *Atkins v. Borough of Phoenixville*, 336 F. Supp. 3d 511, 520 (E.D. Pa. 2018). The Board of Elections argues that Mr. Woodard has not made out a substantive due process claim and this Court agrees.

First, Mr. Woodard has not identified an interest protected by the Due Process Clause of the Fourteenth Amendment—i.e., a "life, liberty, or property" interest. *McGee v. Twp. of Conyngham*, No. 20-3229, 2021 WL 4315936, at *2 (3d Cir. Sept. 23, 2021). There is no standalone "right to state office" under the Fourteenth Amendment. *Snowden v. Hughes*, 321 U.S. 1, 12 (1944); *see also Oh v. Phila. Cnty. Bd. Of Elections*, No. 08-0081, 2008 WL 4787583, at *5 (E.D. Pa. Oct. 31, 2008) ("[E]ven an unlawful denial of municipal office is not a denial of a right of property or liberty under the due process clause."); *Bd. of Educ. of Shelby Cnty., Tenn. v. Memphis City Bd. of Educ.*, No. 11-2101, 2011 WL 3444059, at *56 (W.D. Tenn. Aug. 8, 2011) (collecting cases). Mr. Woodard has not pointed to any other protected interest that might trigger due process protections and despite filing a reply in support of his Motion, Mr. Woodard has not responded to the Board of Elections' argument that there is no protected interest at stake here. *See* ECF No. 21. Thus, he has not carried his burden to show that he is likely to succeed on an essential element of his claim, to the extent that he alleges a violation of his substantive due process rights.

Second, Mr. Woodard has failed to point to conduct by Defendants that "shocks the conscience." *Atkins*, 336 F. Supp. 3d at 520. "[O]nly the most egregious" government conduct is actionable under the shocks-the-conscience standard. *Cnty. of Sacramento v. Lewis*, 523 U.S.

833, 834 (1998). There is nothing conscience-shocking about the state court sustaining, based on a disputed record, Mr. Evan's objection to Mr. Woodard's presence on the ballot. Nor is there anything conscience shocking about Judge McVay's allegedly delayed ruling, especially in light of Mr. Woodard's concession in his Commonwealth Court appeal that the fifteen-day clock found in § 2937 is discretionary. *See* ECF No. 19-4 at 13. Finally, there is nothing conscience-shocking in Judge McVay's denial of Mr. Woodard's reconsideration motion after concluding that he lacked jurisdiction due to Mr. Woodard's pending appeal from the earlier order striking Mr. Woodard from the ballot. Thus, Mr. Woodard has failed to establish a likelihood of success on this element of a substantive due process claim, too.

Turning to procedural due process, a "familiar two-stage analysis" applies. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (quoting *Robb v. City of Philadelphia,* 733 F.2d 286, 292 (3d Cir. 1984)). First, the court asks "whether the asserted individual interests are encompassed within the [F]ourteenth [A]mendment's protection of life, liberty, or property." *Id.* (internal quotation marks omitted); *see Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."). If that hurdle is cleared, then the court asks "whether the procedures available provided the plaintiff with due process of law." *Alvin*, 227 F.3d at 116 (internal quotation marks omitted).

The Court concludes that Mr. Woodard has not made that requisite showing at either step. Initially, as explained above, Mr. Woodard has not identified an interest protected by the Fourteenth Amendment. Even if he had, Mr. Woodard has failed to establish a likelihood that he will be able to show he was deprived "due process of law," *Alvin*, 227 F.3d at 116 (internal quotation marks omitted), the "fundamental requirement" of which is "an opportunity to be heard

at a meaningful time and in a meaningful manner," *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).  Mr. Woodard received numerous procedural protections, consistent with Pennsylvania's statutory scheme for resolving objections like Mr. Evans'.  *See generally* 25 P.S. § 2937.  Judge McVay conducted a multi-day evidentiary hearing on Mr. Evan's objection, at which Mr. Woodard was represented by counsel and able to cross-examine Constable Jackson and otherwise impeach his testimony.  *See generally Mathews*, 424 U.S. at 333–34 (discussing requirement of evidentiary hearing under due process framework); *cf. Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545–46 (1985) (evidentiary hearing was not required before terminating public employee for cause).  And while Judge McVay ultimately sustained Mr. Evans' objection, state law also afforded Mr. Woodard an opportunity to appeal from that ruling and also to seek reconsideration based on alleged evidence of perjury.  *See McDaniels v. Flick*, 59 F.3d 446, 461 (3d Cir. 1995) (no due process violation where party had right to appeal administrative decision to state court).  To the extent that Mr. Woodard's claim is based on Judge McVay's violation of § 2937, the Commonwealth Court considered and rejected that argument.  *See* ECF No. 19-2 at 4;  ECF No. 19-4.  These procedures unquestionably provided Mr. Woodard "an opportunity to be heard at a meaningful time and in a meaningful manner."  *Mulholland*, 706 F.3d at 238.

       The authority that Mr. Woodard points to does not change the Court's substantive or procedural due process analysis.  Mr. Woodard relies on two criminal cases, *Mooney v. Holohan*, 294 U.S. 103 (1935), and *Napue v. Illinois*, 360 U.S. 264 (1959), for the proposition "that a conviction obtained through use of false testimony, known to be such by representatives of the State, is a denial of due process."  ECF No. 21 at 3.  But it does not follow that an analogous rule applies to state court civil proceedings concerning objections to nomination petitions for municipal

office.  Indeed, courts have rejected invitations to extend the holdings of similar cases into the civil context.  *See, e.g.*, *Parness v. Christie*, No. 15-3505 (JLL), 2015 WL 4997430, at *15 (D.N.J. Aug. 19, 2015) ("This Court is aware of no authority extending that holding or providing a similar claim under § 1983 for the use of allegedly false evidence in a civil matter, and Plaintiff has not provided any such basis for his claim."));  *Arias v. City of Trenton*, No. 22-02585(FLW), 2022 WL 17340776, at *9 (D.N.J. Nov. 30, 2022) (rejecting substantive due process claim predicated of falsified evidence involved in civil claim).  And although there is some authority supporting the application of a similar rule in cases involving proceedings to terminate parental rights or civil child abuse proceedings, the same interests are not implicated here.  *See Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1117 (9th Cir. 2017) ("Like the interests of criminal defendants, the fundamental liberty interests of parents and their children in their familial relationship has long been clearly established.").  The Court is thus unpersuaded that the knowing use of perjury in a civil proceeding like the one Mr. Woodard's claim arises from would amount to a due process violation, even assuming Mr. Woodard could prove his underlying factual allegations.

In sum, because Mr. Woodard is not pursuing a viable due process claim, he cannot carry his burden to demonstrate a likelihood of success on the merits.  The Court, accordingly, will deny his Motion for Emergency Injunction without a hearing.

### C. Judge McVay Is Likely Immune From Suit

Turning to the issue of Judge McVay's immunity, the necessary analysis is brief.  Under 42 U.S.C. § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Mr. Woodard's claim plainly targets actions and omission taken in Judge McVay's official capacity, but Mr. Woodard does not plead or

otherwise show that a declaratory decree was violated, or that declaratory relief was unavailable. Thus, he is unlikely to succeed on the merits of his claim against Judge McVay. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). Notably, Mr. Woodard does not contest this point in his reply brief. *See* ECF No. 21.

### IV.     Conclusion

For the foregoing reasons, Mr. Woodard's Motion for Emergency Injunction, ECF No. 5, is DENIED.

DATED this 10th day of May, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail)

Jeffrey Woodard, pro se
434 Ross Avenue, First Floor Rear
Pittsburgh, PA 15221