IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY WOODARD,<br><br>  Plaintiff,<br><br>  v.<br><br>ALLEGHENY COUNTY JUDGE JOHN MCVAY, ALLEGHENY COUNTY BOARD OF ELECTION,<br><br>  Defendants. | 2:23-CV-00652-CCW |

**ORDER**

Plaintiff Jeffrey Woodard initiated this action on April 20, 2023, after Allegheny County Court of Common Pleas Judge John McVay issued an order removing Mr. Woodard's name from the ballot as a candidate for Magisterial District Judge, District 05-2-10 in the May 16, 2023 election. Judge McVay issued that order after considering evidence presented at several hearings and concluding that Mr. Woodard did not satisfy the residency requirements for the office. In his operative Amended Complaint, Mr. Woodard alleges that these proceedings violated his due process rights because Judge McVay relied on allegedly perjured testimony and allegedly failed to comply with certain statutory time limits. As relief, Mr. Woodard requested an order having his name placed back on the ballot or an order directing Judge McVay to hold a new hearing on the issue of Mr. Woodard's residency. Mr. Woodard also sought an emergency preliminary injunction, which the Court denied on May 10, 2023. ECF No. 22.

The May 16, 2023 election has since occurred and Mr. Woodard has taken no further action in this case. On July 24, 2023, the Court ordered Mr. Woodard to show cause why his case should

not be dismissed as moot in light of the passing of the election.  ECF No. 23.  Mr. Woodard did not respond to the show-cause order and the deadline to do so expired on August 3, 2023.  *See id.*

"If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).  However, a case that would otherwise be moot is not if it is "capable of repetition, yet evading review."  *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (internal quotation marks omitted).  A case is "capable of repetition, yet evading review" only where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again."  *Id.* (cleaned up).

Here, Mr. Woodard's case is moot.  The happening of the May 16, 2023 election prevents this Court from granting Mr. Woodard his requested relief, because the Court can no longer order that his name be placed back on the ballot and because the Court cannot order Judge McVay to hold a new hearing on an issue that would not impact the results of the election.  Nor is Mr. Woodard's case capable of repetition yet evading review.  Although it is possible that Mr. Woodard will choose to run for office in a future election, it would be unreasonable to expect that he would again be subject to the same residency challenge, which was predicated on the timing of a past move, let alone expect that Mr. Woodard would face the same allegedly perjured testimony or alleged statutory violations.  *See Belitskus v. Pizzingrilli*, 343 F.3d 632, 649 (3d Cir. 2003) (voter's claims regarding state law were moot after he moved out of state because there was "no evidence in the record to suggest he [would] return in the future").  Accordingly, it is **HEREBY**

**ORDERED** that Mr. Woodard's Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as **MOOT**.

DATED this 28th day of August, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States Mail):

Jeffrey Woodard, pro se
434 Ross Avenue, First Floor Rear
Pittsburgh, PA 15221